Liza M. Walsh
Christine I. Gannon
WALSH PIZZI O'REILLY FALANGA LLP
One Riverfront Plaza
1037 Raymond Blvd., Suite 600
Newark, NJ 07102
(973) 757-1100

*Counsel for Plaintiff*
*Bristol-Myers Squibb Company*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| BRISTOL-MYERS SQUIBB COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ZYDUS PHARMACEUTICALS (USA) INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. _____<br><br><br>***Electronically Filed*** |

### COMPLAINT

Plaintiff Bristol-Myers Squibb Company ("BMS"), by its attorneys, hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, against Defendant Zydus Pharmaceuticals (USA) Inc. ("Zydus"). This action relates to Abbreviated New Drug Application ("ANDA") No. 210575 filed by Zydus with the U.S. Food and Drug Administration ("FDA").

2.      In ANDA No. 210575, Zydus seeks approval to market 150 mg, 200 mg, and 300 mg capsules of atazanavir sulfate, generic versions of BMS's Reyataz® drug product (the "Zydus ANDA Products"), prior to expiration of U.S. Patent No. 6,087,383 ("the '383 patent").

## PARTIES

3.      BMS is a corporation organized and existing under the laws of Delaware, having a place of business at Route 206 and Province Line Road, Princeton, New Jersey 08540.

4.      BMS is engaged in the business of creating, developing, and bringing to market revolutionary biopharmaceutical products to help patients prevail against serious diseases, including treatments for HIV and AIDS.  BMS markets and sells its Reyataz® capsules in this judicial district and throughout the United States.

5.      Upon information and belief, Zydus is a corporation organized and existing under the laws of New Jersey, having its principal place of business at 73 Route 31 North, Pennington, New Jersey 08534.

6.      Upon information and belief, Zydus is in the business of, among other things, developing, manufacturing, and selling generic versions of branded pharmaceutical products for the U.S. market.

## JURISDICTION AND VENUE

7.      This action arises under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq.*, and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

8.      This Court has jurisdiction over Zydus because, upon information and belief, Zydus is a company organized and existing under the laws of New Jersey.

9.     This Court also has jurisdiction over Zydus because, *inter alia*, Zydus has committed an act of patent infringement under 35 U.S.C. § 271(e)(2) and intends a future course of conduct that includes acts of patent infringement in New Jersey.  These acts have led and will lead to foreseeable harm and injury to BMS in New Jersey.  For example, on information and belief, following approval of ANDA No. 210575, Zydus will make, use, import, sell, and/or offer for sale the Zydus ANDA Products in the United States, including in New Jersey, prior to the expiration of the '383 patent.

10.    This Court also has jurisdiction over Zydus because, *inter alia*, Zydus has purposefully availed itself of the rights and benefits of New Jersey law by engaging in systematic and continuous contacts with New Jersey.  Upon information and belief, Zydus regularly and continuously transacts business within New Jersey, including by selling pharmaceutical products in New Jersey, either on its own or through its affiliates.  Upon information and belief, Zydus derives substantial revenue from the sale of those products in New Jersey and has availed itself of the privilege of conducting business within New Jersey.

11.    Venue is proper in this Court under 28 U.S.C. § 1400(b), including because, *inter alia*, upon information and belief, Zydus is a company organized and existing under the laws of New Jersey and therefore resides in New Jersey, has committed an act of infringement and will commit further acts of infringement in this judicial district, as set forth in more detail in paragraph 9 above, and, upon information and belief, has a regular and established place of business in this judicial district.

12.    For these reasons, and for other reasons that will be presented to the Court if jurisdiction and/or venue is challenged, the Court has personal jurisdiction over Zydus, and venue in this judicial district is proper.

**PATENT-IN-SUIT**

13.     On July 11, 2000, the U.S. Patent and Trademark Office duly and legally issued the '383 patent, titled "Bisulfate Salt of HIV Protease Inhibitor."  A true and correct copy of the '383 patent is attached hereto as Exhibit A.  The claims of the '383 patent are valid and enforceable. BMS is the owner of the '383 patent and has the right to enforce it.  The expiration date of the '383 patent is December 21, 2018.  BMS also was awarded a period of pediatric exclusivity through June 21, 2019.

14.     BMS is the holder of New Drug Application ("NDA") No. 021567, by which the FDA granted approval for the marketing and sale of 150 mg, 200 mg, and 300 mg strength atazanavir sulfate capsules.  BMS markets atazanavir sulfate capsules in the United States, under the trade name "Reyataz®."  The FDA's official publication of approved drugs (the "Orange Book") includes Reyataz® together with the '383 patent.

**INFRINGEMENT BY ZYDUS**

15.     By letter sent by Federal Express on June 15, 2017, Zydus notified BMS that Zydus had submitted ANDA No. 210575 to the FDA under Section 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)) ("the Reyataz Notice Letter").  BMS received the Reyataz Notice Letter no earlier than June 16, 2017.

16.     The Reyataz Notice Letter states that Zydus seeks approval from the FDA to engage in the commercial manufacture, use, and sale of the Zydus products before the expiration of the '383 patent.  Upon information and belief, Zydus intends to—directly or indirectly—engage in the commercial manufacture, use, and sale of the Zydus ANDA Products promptly upon receiving FDA approval to do so.

17. By filing ANDA No. 210575, Zydus has necessarily represented to the FDA that the Zydus ANDA Products have the same active ingredient as Reyataz®, have the same method of administration, dosage form, and strengths as Reyataz®, and are bioequivalent to Reyataz®.

18. Upon information and belief, the Zydus ANDA Products contain atazanavir bisulfate.

19. Upon information and belief, the Zydus ANDA Products will be manufactured by, or at the direction of, Zydus.

20. In the Reyataz Notice Letter, Zydus states that the Zydus ANDA contains a Paragraph IV certification asserting that the '383 patent is invalid, unenforceable and/or will not be infringed by the commercial manufacture, use, and sale of the Zydus ANDA Products.

21. This Complaint is being filed before the expiration of forty-five days from the date BMS received the Reyataz Notice Letter.

## COUNT I

### (INFRINGEMENT OF THE '383 PATENT)

22. Each of the preceding paragraphs 1 to 21 is incorporated as if fully set forth herein.

23. Zydus's submission of ANDA No. 210575 to obtain approval to engage in the commercial manufacture, use, offer to sell, or sale of the Zydus ANDA Products prior to the expiration of the '383 patent constituted a technical act of infringement. Upon information and belief, the product described in ANDA No. 210575 would infringe claims 1 and 2 of the '383 patent under 35 U.S.C. § 271(e)(2)(A).

24. Zydus's commercial manufacture, use, offer to sell, sale, or importation of the Zydus ANDA Products prior to the expiration of the '383 patent, and its inducement of and/or

contribution to such conduct, would further infringe claims 1 and 2 of the '383 patent under 35 U.S.C. §§ 271(a), (b) and/or (c).

25.     Upon FDA approval of Zydus's ANDA No. 210575, Zydus will infringe claims 1 and 2 of the '383 patent by making, using, offering to sell, and selling the Zydus ANDA Products, which comprise atazanavir bisulfate, in the United States and/or importing such products into the United States, or by actively inducing and contributing to infringement of the '383 patent by others, under 35 U.S.C. § 271(a)-(c), unless enjoined by the Court.

26.     If Zydus's marketing and sale of the Zydus ANDA Products prior to expiration of the '383 patent and all other relevant exclusivities is not enjoined, BMS will suffer substantial and irreparable harm for which there is no remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, BMS prays that this Court grant the following relief:

1.     A judgment that the claims of the '383 patent are not invalid, are not unenforceable, and are infringed by Zydus's submission of ANDA No. 210575, and that Zydus's making, using, offering to sell, or selling in the United States, or importing into the United States the Zydus ANDA Products will infringe the '383 patent.

2.     An order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any approval of ANDA No. 210575 shall be a date which is not earlier than the latest expiration date of the '383 patent, including any extensions and/or additional periods of exclusivity to which BMS is or becomes entitled.

3.     An order permanently enjoining Zydus, its affiliates, subsidiaries, and each of its officers, agents, servants and employees and those acting in privity or concert with them, from making, using, offering to sell, or selling in the United States, or importing into the United

- 6 -

States the Zydus ANDA Products until after the latest expiration date of the '383 patent, including any extensions and/or additional periods of exclusivity to which BMS is or becomes entitled.

4.    Damages or other monetary relief, including, but not limited to, costs and pre- and post-judgment interest, to BMS if Zydus engages in commercial manufacture, use, offers to sell, sale, or importation in or into the United States of the Zydus ANDA Products prior to the latest expiration date of the '383 patent, including any extensions and/or additional periods of exclusivity to which BMS is or becomes entitled.

5.    Such further and other relief as this Court deems proper and just, including any appropriate relief under 35 U.S.C. § 285.

Dated:  July 21, 2017

WALSH PIZZI O'REILLY FALANGA LLP

*s/ Liza M. Walsh*

Liza M. Walsh
Christine I. Gannon
WALSH PIZZI O'REILLY FALANGA LLP
One Riverfront Plaza
1037 Raymond Blvd., Suite 600
Newark, NJ 07102
 (973) 757-1100

Of Counsel:

Amy K. Wigmore (*pro hac vice* motion to be filed)
Tracey C. Allen (*pro hac vice* motion to be filed)
Jeffrey T. Hantson (*pro hac vice* motion to be filed)
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, DC 20006
(202) 663-6000

*Counsel for Plaintiff Bristol-Myers Squibb Company*

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULES 11.2 AND 40.1

I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other pending or anticipated litigation in any court or arbitration proceeding, nor are there any non-parties known to Plaintiff that should be joined to this action.  In addition, I recognize a continuing obligation during the course of this litigation to file and to serve on all other parties and with the Court an amended certification if there is a change in the facts stated in this original certification.

Dated: July 21, 2017

WALSH PIZZI O'REILLY FALANGA LLP

*s/Liza M. Walsh*
Liza M. Walsh

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 201.1

I hereby certify that the above-captioned matter is not subject to compulsory arbitration in that the Plaintiff seeks, *inter alia*, injunctive relief.

Dated: July 21, 2017

WALSH PIZZI O'REILLY FALANGA LLP

*s/Liza M. Walsh*
Liza M. Walsh